UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,                        Case No. 3:20-cr-105-2

vs.

ROBERT S. HARRISON, *et al.*,          District Judge Michael J. Newman

      Defendants.

---

**ORDER AND ENTRY DENYING THE GOVERNMENT'S MOTIONS SEEKING
RECUSAL OF RETAINED DEFENSE COUNSEL (DOCS. 15, 18, 25)**

---

This criminal case is before the Court on the government's motion seeking recusal of retained defense counsel Jon Paul Rion and the law firm of Rion, Rion & Rion, LPA; Mr. Rion and his firm are representing Defendant Robert Harrison in this case. Doc. 18. Defendant Robert Harrison filed a memorandum in opposition. Doc. 19. Thereafter, the government filed a supplemental memorandum. Doc. 25. The Court held a hearing on the government's motion on December 9, 2020. Attorneys Dwight Keller and Ryan Saunders participated on behalf of the government. Attorneys Jon Paul Rion and Aaron Schwartz participated on behalf of the Defendants. Defendants also appeared and participated.

On September 22, 2020, the government issued a sixteen (16) count indictment in this case charging Defendants Daryl Harrison and Robert Harrison with, among other charges, conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349. Doc. 3. Following Mr. Rion's entry of appearance on behalf of Defendant Robert Harrison, the government moved for recusal of said counsel on the basis that a conflict may exist in this matter because counsel for Defendant Robert Harrison had represented co-Defendant Daryl Harrison in a 2010 criminal matter before

the Montgomery County, Ohio Court of Common Pleas.  *See* doc. 18 at PageID 75.  According to

the government, the *modus operandi* of that 2010 criminal case is "strikingly similar" to that at

issue in Count 1 of the indictment in this case.  Doc. 18 at PageID 74.  In addition, Mr. Rion and/or

other lawyers in his firm also represented Daryl Harrison in certain domestic relations matters and

other state court civil cases.  Finally, the government notes that a "prospective material government

witness" made a payment to Mr. Rion's firm in 2017.  Doc. 25 at PageID 108.

      Mr. Rion confirms the fact that he and his firm previously represented Daryl Harrison as

set forth by the government but informs the Court that all representation of Defendant Daryl

Harrison has ended, and that he is not currently a client of the firm in any open cases.  Doc. 19.

Additionally, Mr. Rion asserts that there are no actual conflicts arising from his prior

representation of Daryl Harrison and his current representation of Robert Harrison.  Finally, during

the hearing held on the government's motion, both Defendants, after hearing the arguments of

counsel, agreed to waive conflicts to the extent any exist.  *See id*. at PageID 93.

      "The Sixth Amendment to the Constitution guarantees that '[i]n all criminal prosecutions,

the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence.'"  *Wheat*

*v. United States*, 486 U.S. 153, 158 (1988).  The Sixth Amendment also provides the right to have

counsel of one's choosing.  *Id.* at 160.  "[W]hile the right to select and be represented by one's

preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment

is to guarantee an effective advocate for each criminal defendant rather than to ensure that a

defendant will inexorably be represented by the lawyer whom he prefers."  *Id.* at 159.  The Sixth

Amendment right to the effective assistance of counsel "includes representation which is free of

conflicts of interest."  *McNeal v. United States*, 17 F. App'x 258, 261 (6th Cir. 2001).  Thus, while

courts "must recognize a presumption in favor of [defendant's] counsel of choice . . . that

2

presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." *Wheat*, 486 U.S. at 164.

At issue here is counsel's successive representation of Defendant Robert Harrison and co-Defendant Daryl Harrison by Mr. Rion and/or lawyers in his law firm. "Successive representation occurs where defense counsel has previously represented a co-defendant or trial witness." *Gillard v. Mitchell*, 445 F.3d 883, 891 (6th Cir. 2006) (quoting *Moss v. United States*, 323 F.3d 445, 459 (6th Cir.2003)). "It is more difficult for a defendant to show that counsel actively represented conflicting interests in cases of successive rather than simultaneous representation." *Moss*, 323 F.3d at 459. "The fear in successive representation cases is that the lawyer will fail to cross-examine the former client rigorously for fear of revealing or misusing privileged information." *Id*. at 460. "[T]he most common example of an actual conflict of interest arising from successive representation occurs where an attorney's former client serves as a government witness against the attorney's current client at trial." *Id*.

Having conducted an inquiry in this matter, the parties have neither identified an actual conflict arising from counsel's successive representation of Defendants in this case at this time or that an identifiable, serious potential of a conflict exists. In fact, Mr. Rion represents that there is no conflict of interest. Doc. 19 at PageID 93. As noted by courts, "[i]n fulfilling this initial obligation to inquire into the existence of a conflict of interest, the trial court may rely on counsel's representations." *United States v. Kliti*, 156 F.3d 150, 153 (2d Cir. 1998); *Holloway v. Arkansas*, 435 U.S. 475, 485 (1978) (counsel is "in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop in the course of a trial"); *United States v. Collins*, No. 1:08CR47, 2008 WL 1809339, at *2 (N.D. Ohio Apr. 21, 2008) ("In making the

determination of the existence of a conflict, this Court is permitted to rely on counsel's representations").

Based on the foregoing, the government's motions to recuse (docs. 15, 18, 25) are **DENIED**. The Court, however, reserves the right to address this issue later in the proceedings should the need to reconsider the matter arise.

**IT IS SO ORDERED.**


Date:   December 28, 2020                        s/ Michael J. Newman
                                                Michael J. Newman
                                                United States District Judge